| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

LONNIE MCCABE, Individually and as §
Representative of the Estate of Linda §
McCabe, §
　　　　　　　　　　　　　　　　§
　　　　　　Plaintiff, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:10-CV-98
　　　　　　　　　　　　　　　　§
FORD MOTOR COMPANY, COOPER §
TIRE & RUBBER COMPANY, and §
ORANGE SUPERIOR TIRE & SERVICE, §
INC. d/b/a Superior Tire & Service, §
　　　　　　　　　　　　　　　　§
　　　　　　Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Lonnie McCabe's ("McCabe") Motion to Remand (#10). McCabe seeks remand to state court of this wrongful death and survival action against Defendants Ford Motor Company ("Ford"), Cooper Tire and Rubber Company ("Cooper"), and Orange Superior Tire and Service doing business as Superior Tire and Service ("Superior") (collectively, "Defendants"). McCabe contends that Defendants failed to remove this case from state court in a timely manner and that Superior's presence in the lawsuit defeats diversity jurisdiction. Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I.　　Background

McCabe alleges that on August 14, 2007, while traveling on Interstate 10 in Beaumont, Texas, the left rear tire on his wife Linda McCabe's ("Linda") 2001 Ford Explorer XLS blew out,

causing a collision, vehicle rollover, and post-collision fire. As a result of the accident, Linda sustained fatal injuries.

On June 22, 2009, McCabe, proceeding individually and as representative of the estate of his deceased wife, filed his Original Petition in the 172nd Judicial District Court of Jefferson County, Texas, asserting causes of action for products liability, negligence, and gross negligence against Defendants. He contends that Defendants negligently designed and manufactured Linda's vehicle and component parts. Defendants respond that the collision was not caused by any defective product or negligence on their part, but instead occurred because Linda's vehicle struck a large piece of lumber lying in the highway. Defendants also maintain that Linda was not wearing a seatbelt at the time of the accident and, thus, contributed to the cause of her injuries.

On February 22, 2010, Cooper removed the case to federal court based on diversity jurisdiction,[1] alleging that Superior was improperly joined as a defendant in this action, and, therefore, its Texas citizenship should be disregarded for purposes of diversity jurisdiction.[2] On March 10, 2010, McCabe filed the instant motion to remand, contending, among other things, that Defendants' Notice of Removal is untimely as it was not filed within thirty days after service of the summons and McCabe's Original Petition. Defendants counter that the Original Petition does not affirmatively reveal on its face that McCabe is seeking damages in excess of $75,000.00. Accordingly, Defendants argue that the thirty-day removal window was not triggered until January 23, 2010, when they received McCabe's Responses to Cooper's Second Request for Admissions,

---

[1] All Defendants joined in Cooper's Notice of Removal.

[2] McCabe is a citizen of Orange County, Texas, while Defendants Ford and Cooper are Delaware corporations with their principal places of business in Ohio and Michigan, respectively.

admitting his intent to seek damages in excess of $75,000.00. Hence, because the case was removed within thirty days of Defendants' receipt of these discovery responses, they argue that the case was removed in a timely manner.

II. Analysis

　　A.　Grounds for Removal

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a). Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Halmekangas*, 603 F.3d at 294; *McDonal v. Abbott Labs.*, 408 F.3d 177, 181 (5th Cir. 2005); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 914-15 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2

3

(5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Howery*, 243 F.3d at 916; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Halmekangas*, 603 F.3d at 294; *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001); *Gebbia*, 233 F.3d at 882. Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Wallace v. Louisiana Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006); *Heritage Bank*, 250 F.3d at 323; *Howery*, 243 F.3d at 920.

    B.    <u>Procedure for Removal</u>

"The procedure for removal is set forth by 28 U.S.C. § 1446." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 240 (5th Cir. 2000); *see Board of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *City of Clarksdale v. BellSouth Telcomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *See Manguno*, 276 F.3d at 723; *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez*, 543 F.3d at 251; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). Because removal raises significant federalism concerns, the removal statutes must be strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323; *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002).

The defendant must file a notice of removal within thirty days of receiving by service or otherwise a copy of a pleading or other paper indicating that the case is or has become removable. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347

(1999); *Board of Regents of Univ. of Tex. Sys.*, 478 F.3d at 278; *Johnson*, 227 F.3d at 241-42, 244; *Evett v. Consolidated Freightways Corp.*, 110 F. Supp. 2d 510, 512 (E.D. Tex. 2000). Therefore, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992), *cert. denied*, 507 U.S. 967 (1993); *Johnson*, 227 F.3d at 241; *Dougherty v. Petco Southwest, Inc.*, No. 4:10-CV-0133, 2010 WL 2231996, at *2 (S.D. Tex. May 28, 2010). If it is not readily apparent from the initial pleading that the case is removable, a notice of removal must be filed "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801, 805 (5th Cir. 2006); *Bosky*, 288 F.3d at 211. If the situation is unclear,

> [w]ell-established public policy dictates that when there is uncertainty as to the right of removal . . . , such ambiguity is construed against removal. Two reasons explain this rule. First, the Plaintiff's choice of forum should generally be given deference. Second, when there is a debatable question of whether a case has been properly removed, it is an imprudent use of judicial resources for a District Court to proceed with the possibility that any verdict may be upset after a full trial on the merits of the claim.

*Marshall v. Skydive Am. S.*, 903 F. Supp. 1067, 1069 & n.5 (E.D. Tex. 1995) (citing *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979); *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 663 (7th Cir. 1976); *Luckett v. Harris Hosp.-Fort Worth*, 764 F. Supp. 436, 440 (N.D. Tex. 1991)).

All the defendants, unless nominal or formal, must join in or consent to removal; failure to do so renders the removal defective. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007);

*Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Farias v. Bexar County Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991). Furthermore, removal is appropriate in a diversity case only if the parties properly joined and served as defendants are not citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

The Supreme Court has rejected the notion that the time for removal may begin to run prior to service of process, reasoning that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc.*, 526 U.S. at 347-48. The Court specifically held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.*; *accord Board of Regents of Univ. of Tex. Sys.*, 478 F.3d at 278; *City of Clarksdale*, 428 F.3d at 210. The Court then set out four possible scenarios and explained when the removal period begins to run:

> First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

7

*Murphy Bros., Inc.*, 526 U.S. at 354 (citing *Potter v. McCauley*, 186 F. Supp. 146, 149 (D. Md. 1960)). Moreover, the United States Court of Appeals for the Fifth Circuit has held that a pre-suit demand letter does not constitute a sufficient "other paper" from which the defendant could ascertain that the case was removable either prior to or upon the service of the complaint. *Chapman*, 969 F.2d at 164.

While the time limit for removal is not jurisdictional and may be waived, the failure to file a notice of removal within thirty days may render removal improper. *See Johnson*, 227 F.3d at 241, 244; *Cervantez v. Bexar County Civil Serv. Comm'n*, 99 F.3d 730, 734 (5th Cir. 1996); *Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). Unless the plaintiff waives the time limit or there is some equitable reason not to apply it, "a defendant who does not timely assert the right to remove loses that right." *Brown*, 792 F.2d at 481; *accord Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 n.8 (5th Cir. 2003); *Johnson*, 227 F.3d at 241, 244; *Cervantez*, 99 F.3d at 734. Moreover, the general rule in the Fifth Circuit is that "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal." *Brown*, 792 F.2d at 481; *see Doe*, 969 F.2d at 169; *Extreme Outdoors Ltd., Inc. v. Gary Yamamoto Custom Baits, Inc.*, No. H-08-1259, 2008 WL 2810874, at *3 (S.D. Tex. July 21, 2008). Improperly joined defendants, however, are exempted from the rule of unanimity, as well as the first-served defendant rule. *Bertrand v. Fischer*, No. 2:09-CV-76, 2009 WL 5215988, at *2 (W.D. La. Dec. 29, 2009) (citing *Rico*, 481 F.3d at 239). Similarly, exceptional circumstances may permit removal when a later-joined defendant removes more than thirty days after the first defendant is served. *Getty Oil*

*Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). Nevertheless, where a notice of removal is determined untimely and is not waived by the plaintiff, the removal is improvident, and remand is proper. *See Cervantez*, 99 F.3d at 734; *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982).

The Fifth Circuit interprets § 1446(b) as providing a two-step test for determining whether a defendant has timely removed a case to federal court. *See Chapman*, 969 F.2d at 161. While the first paragraph of § 1446(b) applies to cases that are removable based on the initial pleadings, paragraph two applies to cases that are not removable at the time of filing but become removable at a later date. *Id.*; *see Johnson*, 227 F.3d at 241 (citing *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998)).

C. <u>Initial Pleadings</u>

Under § 1446(b), "the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman*, 969 F.2d at 163; *see also Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994); *Carmardelli v. Wal-Mart Stores, Inc.*, 545 F. Supp. 2d 595, 598 (W.D. Tex. 2008). Therefore, "a state court complaint [must] be sufficiently definite *on its face* to enable defendants to ascertain removability without reliance on speculation or conjecture." *Evett*, 110 F. Supp. 2d at 513 (emphasis in original). This rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Chapman*, 969 F.2d at 163.

9

In the instant case, Defendants argue that because McCabe's Original Petition does not include a specific dollar amount for the damages he seeks or state that the damages sought are in excess of the jurisdictional threshold for federal court, it does not "affirmatively reveal on its face" that McCabe is seeking more than the federal jurisdictional amount. Contrary to Defendants' assertion, however, "[t]here is no requirement in the Fifth Circuit . . . that an actual dollar amount must appear on a paper in the suit." *Century Assets Corp., LLC v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-13 (5th Cir. 1995)). Furthermore, although there is no consensus on the exact level of specificity required in an initial pleading to trigger the thirty-day removal window, most district courts within the Fifth Circuit have held that service of the state court petition can commence the thirty-day removal clock even if it contains no specific allegation that the damages sought are in excess of the federal jurisdictional minimum. *See*, *e.g.*, *Borquez v. Brink's Inc.*, No. 3:10-CV-380-O, 2010 WL 931882, at *3, 5-6 (N.D. Tex. Mar. 12, 2010); *Hale v. Kroger Co.*, No. 4:08-CV-206, 2009 WL 781305, at *2 (E.D. Tex. Mar. 23, 2009); *Stone v. Nirvana Apts.*, No. SA-08-CA-656-FB, 2008 WL 4844715, at *5 (W.D. Tex. Oct. 17, 2008); *Carmardelli*, 545 F. Supp. 2d at 598; *Henson ex rel. Henson v. Power, Rogers & Smith, P.C.*, No. 3:06-CV-0566, 2007 WL 313313, at *5-6 (N.D. Tex. Jan. 31, 2007); *Valadez v. Cogema Mining, Inc.*, No. C-06-176, 2006 WL 2092447, at *3 (S.D. Tex. July 26, 2006); *Century Assets Corp.*, 88 F. Supp. 2d at 662-63. This approach is compatible with Texas law, which prohibits plaintiffs from pleading a specific amount of unliquidated damages. *See Century Assets Corp.*, 88 F. Supp. 2d at 661 (citing TEX. R. CIV. P. 47). Moreover, were the court to accept Defendants' contention that a plaintiff is required to allege specifically in the initial pleading that the amount in controversy exceeds $75,000.00 in

10

order to trigger the thirty-day removal window, "a plaintiff could deliberately avoid making such an allegation until after the one-year time limit for removal, thereby avoiding federal jurisdiction." *Fire Ins. Exchange v. Target Corp.*, No. H-08-1786, 2008 WL 3049896, at *3 n.4 (S.D. Tex. Aug. 1, 2008); *see* 28 U.S.C. § 1446(b) ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").

Here, the court finds that, although McCabe's Original Petition does not specifically request damages in excess of the threshold for federal court, it nonetheless affirmatively reveals on its face that McCabe is seeking more than the federal jurisdictional minimum. In his Original Petition, McCabe alleges that "as a result of the collision, Linda sustained severe injuries, which resulted in her ultimate death." He seeks individually to recover past and future damages relating to pecuniary loss, mental anguish, loss of consortium, loss of companionship, loss of society, loss of inheritance, loss of interest in the community estate, and the loss of the addition to the estate of his deceased wife. On behalf of his wife's estate, McCabe seeks damages for the physical pain and mental anguish Linda sustained prior to her death, as well as for the reasonable and necessary medical services provided and for the reasonable and necessary funeral and burial expenses. McCabe also alleges that Defendants acted with malice and gross negligence and, therefore, seeks to recover punitive and/or exemplary damages.

Given the severity of Linda's injuries, the nature of the damages alleged, and a review of cases involving similar or less severe injuries, recovery in excess of $75,000.00 could reasonably be expected in this case. *See Gebbia*, 233 F.3d at 883 (finding that it was "facially apparent" that the amount in controversy exceeded $75,000.00 based on alleged injuries to wrist, knee, patella,

and back and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (finding that at the time of removal, it was apparent by the "lengthy list of compensatory and punitive damages" sought by the plaintiff that the amount in controversy exceeded $75,000.00); *see*, *e.g.*, *Borquez*, 2010 WL 931882, at *5-6 (finding it facially apparent that the amount in controversy was met where the petition included allegations of wrongful death, premises liability, negligence, and gross negligence, and where plaintiffs, individually and on behalf of the decedent's estate, sought damages for pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and punitive damages); *Fire Ins. Exchange*, 2008 WL 3049896, at *3 (determining that the initial pleading asserting claims for negligence, products liability, and wrongful death arising from a residential fire, along with the extensive list of actual and exemplary damages, affirmatively revealed on its face that the amount in controversy was substantially in excess of $75,000.00); *Hernandez v. CST Drilling Fluid, Inc.*, No. C-08-11, 2008 WL 150962, at *3 (S.D. Tex. Jan. 11, 2008) (concluding that the original petition alleging that the plaintiff suffered a crushed foot and toes affirmatively revealed on its face that the amount in controversy was greater than $75,000.00); *Belvin v. Home Depot USA, Inc.*, No. 07-1035, 2007 WL 2491428, at *2 (E.D. La. Aug. 30, 2007) (determining that it was facially apparent that the amount in controversy was met where plaintiff's petition alleged various damages, including medical expenses, pain and suffering, and mental anguish, for injuries resulting from a slip and fall in Home Depot); *Henson ex rel. Henson*, 2007 WL 313313, at *5-6 (finding that it was facially apparent from the original petition that the amount in controversy exceeded $75,000.00

where plaintiffs sought compensatory damages for all losses that occurred as a result of an alleged wrongful death, actual and multiple damages under the Deceptive Trade Practices Act, attorney's fees, and exemplary damages for gross negligence); *Lowery v. J.C. Penney Corp., Inc.*, No. 06-1710, 2006 WL 3827527, at *2 (W.D. La. Dec. 28, 2006) (concluding that it was facially apparent from the original petition that the amount in controversy exceeded $75,000.00 where the plaintiff sought the recovery of damages resulting from a slip and fall, including damages for mental anguish, emotional distress, worry, anxiety, and inconvenience, medical expenses, loss of enjoyment of life, permanent disability and impairment); *Cordova v. Fleet Source Transp. Servs., Inc.*, No. C-06-349, 2006 WL 2706770, at *3 (S.D. Tex. Sept. 18, 2006) (holding that when the plaintiff's petition contains allegations such as "severe bodily injuries" and "great physical and mental pain" and numerous other damages, the petition supports federal jurisdiction).

Therefore, in the case at bar, it is readily apparent from McCabe's allegations that the jurisdictional amount exceeds $75,000.00. *See Borquez*, 2010 WL 931882, at *5-6; *Fire Ins. Exchange*, 2008 WL 3049896, at *3; *Hernandez*, 2008 WL 150962, at *3; *Henson ex rel. Henson*, 2007 WL 313313, at *5-6; *Wise v. Bayer*, 281 F. Supp. 2d 878, 884-85 (W.D. La. 2003); *Evett*, 110 F. Supp. 2d at 512; *Century Assets Corp.*, 88 F. Supp. 2d at 661-62; *Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999). Hence, the court is of the opinion that Defendants could have ascertained that more than $75,000.00 was in controversy at the outset of this matter. As such, under the first paragraph of 28 U.S.C. § 1446(b), the thirty-day time period for removal commenced when Defendants were initially served with McCabe's Original Petition on June 30, 2009. Defendants, however, did not file a notice of removal until February 22, 2010, almost seven months tardy. "If the defendant does not remove the case upon the first opportunity,

he has waived his right to remove at a later time." *Hubbard v. Union Oil Co. of Cal*, 601 F. Supp. 790, 795 (S.D. W.Va. 1985); *see also Peres v. JPMorgan Chase Bank, N.A.*, No. 3:07-CV-0569-B, 2007 WL 1944376, at *3 (N.D. Tex. June 19, 2007). Because Defendants waived their right to remove by failing to file a notice of removal within thirty days of service of McCabe's Original Petition, this action was improvidently removed and must be remanded to state court.

III. Conclusion

In this instance, the presence of diversity jurisdiction was ascertainable on June 30, 2009, yet Defendants allowed almost eight months to elapse before filing their notice of removal on February 22, 2010. Because Defendants did not comply with the thirty-day, statutory time period for removal, a remand to state court is warranted; as a consequence, the court need not determine whether Superior is improperly joined as a defendant in this action. Accordingly, McCabe's Motion to Remand is GRANTED, and all other pending motions are DENIED as moot. An order remanding this action to the 172nd Judicial District Court of Jefferson County, Texas, will be entered separately.

SIGNED at Beaumont, Texas, this 21st day of June, 2010.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE